UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BURGERMEISTER MANAGEMENT, INC., | § | |
| BM FRANCHISE, INC., and PAUL I. | § | |
| MOGANNAM, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civ. No 16-_____ (   )(   ) |
| | § | |
| BURGERMEISTERS, INC., HARDPAN, LLC, | § | |
| BARRY CORDELL, and DOES 1 through 20, | § | |
| inclusive, | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT**

Plaintiffs BURGERMEISTER MANAGEMENT, INC., BM FRANCHISE, INC., and

PAUL I. MOGANNAM (collectively, "Plaintiffs") hereby allege as follows:

**Nature of the Action**

1.     This action arises under the Trademark Laws of the United States, 15 U.S.C. §§

1051 *et seq*. (the "Lanham Act"), and in particular for (a) trademark infringement, in violation of

15 U.S.C. § 1114(1); (b) dilution, in violation of 15 U.S.C. § 1125(c); (c) unfair competition and

false designation of origin, in violation of 15 U.S.C. § 1125(a); and (d) cybersquatting, in

violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1115(d).  This is also

an action for trademark infringement and unfair competition under the statutory and/or common

law of the State of New York, including under New York General Business Law § 360.

**The Parties**

2.     Plaintiff BURGERMEISTER MANAGEMENT, INC. ("BurgerMeister

Management") is now, and was at all times mentioned in this complaint, a corporation organized

1

and existing under the laws of the State of California, with its principal place of business at 86 Carl Street, San Francisco, CA 94117.

3.       Plaintiff BM FRANCHISE, INC. ("BM Franchise") is now, and was at all times mentioned in this complaint, a corporation organized and existing under the laws of the State of California, with its principal place of business at 499 Santa Barbara Avenue, Daly City, CA 94014. BM Franchise is an affiliate of BurgerMeister Management and was formed for the purpose of offering and selling BURGERMEISTER restaurant franchises throughout the United States, and servicing, supporting, and administering all functions inherent in operating said franchises.

4.       Plaintiff PAUL I. MOGANNAM ("Mogannam") is, and was at all times mentioned herein, an individual residing at 431 Westmoor Avenue, Daly City, CA 94015.

5.       Defendant BURGERMEISTERS, INC. is, upon information and belief, a corporation organized and existing under the laws of the State of New York, with its principal place of business at 3090 Orchard Park Road, West Seneca, NY 14217.

6.       Defendant HARDPAN LLC is, upon information and belief, a limited liability company organized and existing and under the laws of the State of New York, with its principal place of business at 12 Barry Road, Scarsdale, NY 10583. Plaintiffs are informed and believe, and thereon allege, that HardPan LLC is doing business as BURGER MEISTER.

7.       Defendant BARRY CORDELL ("Cordell") is, upon information and belief, an individual residing in Westchester County, New York, a member of defendant HARDPAN LLC, and the owner of the aforementioned BURGERMEISTER business.

8.       Defendants BurgerMeisters, Inc., Hardpan LLC, and Cordell are collectively referred to herein as "Defendants."

2

**Jurisdiction**

9.      This Court has jurisdiction over the subject matter of this action and of the

parties under 28 U.S.C. §§ 1331, 1332, 1338, and 1367; and 15 U.S.C. §§ 1116 and 1121.

10.      Defendants are subject to personal jurisdiction in this judicial district because

Defendants conduct business in this judicial district, or committed trademark infringement in this

judicial district, or committed trademark infringement outside this district causing injury to

Plaintiffs in this district, and Defendants regularly do business in this district.  A substantial part

of the acts giving rise to Plaintiffs' claims occurred in the County of Westchester, State of New

York.

11.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

12.      Plaintiffs are now, and were at all times mentioned in this complaint, engaged in

the business of operating a food/restaurant business.  Operating under the trademark and trade

name, BURGERMEISTER, Plaintiffs' restaurants offer quick service, fast food, and casual food

featuring build-your-own burgers, signature burgers, side dishes, sandwiches, salads, desserts,

ice-cream shakes, and other beverages.

13.      On or about April 20, 1999, Plaintiff Mogannam first adopted and used the

service marks "BEER ON TAP BURGERMEISTER HAMBURGERS FRIES SHAKES" and

"BURGERMEISTER" to both identify food products and services and distinguish them from

food products and services of others.

14.      Plaintiff Mogannam owns U.S. Trademark Registration No. 3046806 for "BEER

ON TAP BURGER MEISTER HAMBURGERS FRIES SHAKES" for "Restaurant Services"

("BEER ON TAP mark").  The BEER ON TAP mark was registered on January 17, 2006 and

continues to be in full force and effect.  The BEER ON TAP mark has become incontestable

under 15 U.S.C. § 1065. The BEER ON TAP mark is displayed with the registration symbol. A

certified copy of the BEER ON TAP mark's certificate of registration is attached as Exhibit "A"

and incorporated by reference as though fully set forth herein.

15.     Plaintiff BurgerMeister Management owns U.S. Trademark Registration No.

4008349 for "BURGERMEISTER" for "Restaurant, bar and catering services." The

BURGERMEISTER mark was registered on August 9, 2011 and continues to be in full force and

effect. The BURGERMEISTER mark is displayed with the registration symbol. A certified

copy of the BURGERMEISTER mark's certificate of registration is attached as Exhibit "B" to

this complaint and incorporated by reference as though fully set forth herein. The BEER ON

TAP mark and BURGERMEISTER mark are referred to collectively herein as the

"BURGERMEISTER marks."

16.     Plaintiffs have continuously and publicly used the BURGERMEISTER marks on

advertising and promotional materials since at least April 20, 1999, the date that Plaintiffs

adopted those marks by, among other things, prominently displaying them on menus, clothing,

store fronts, wall and floor decorations, wrappers, cups, wall clocks, sales receipts, letter head,

advertising and promotional materials, catering packets, franchise packages, gift cards, television

commercials and social media. A specimen of Plaintiffs' website, and photos of one of their

establishments and catering food trucks bearing the BURGERMEISTER marks, are attached

hereto as Exhibit "C" and incorporated by reference as though fully set forth herein.

17.     Plaintiffs have been operating restaurants offering quick service, fast food, and

casual food featuring build-your-own burgers, signature burgers, side dishes, sandwiches, salads,

desserts, ice-cream shakes and beverages since April 1999. In addition, Plaintiffs have since

December 2009, and at all times mentioned herein, been offering and selling

BURGERMEISTER restaurant franchises bearing Plaintiffs' BURGERMEISTER marks.

18.     Plaintiffs' restaurant services have been and continue to be extensively advertised

and sold throughout the continental United States, using Plaintiffs' BURGERMEISTER marks.

19.     Plaintiffs' restaurant services have also received recognition throughout the

continental United States, evidenced by awards from prominent magazines and awards shows,

such as The Food Channel, National Geographic, SF Weekly, and the Michelin Guide, among

others.

20.     By virtue of advertising and sales, together with consumer acceptance and

recognition, Plaintiffs' BURGERMEISTER marks identify Plaintiffs' restaurants, distinguishing

them from the restaurant services of others.  Plaintiffs' BURGERMEISTER marks have thus

become and are valuable assets symbolizing Plaintiffs, their quality services, and their goodwill.

21.     Plaintiffs' application and subsequent registration of their BURGERMEISTER

marks operated to provide Defendants, and each of them, and anyone else, with constructive

notice of Plaintiffs' claim of ownership of the BURGERMEISTER marks, use of the

BURGERMEISTER marks, and their right of priority to the BURGERMEISTER marks.

22.     On or about December 22, 2015 Plaintiffs, by letter, advised Defendants of

Plaintiffs' ownership and registration of the BURGERMEISTER marks, and requested that

Defendants immediately cease and desist from further use of the name "BurgerMeister" as either

a trade name or a service mark.

23.     Despite the warning to cease and desist, Defendants, and each of them, have and

continue to fail and refuse to comply with Plaintiffs' request by willfully using the

BURGERMEISTER marks for their restaurant services.

**First Cause of Action–**
**Federal Trademark Infringement**

24.     Plaintiffs incorporate and re-allege each of the allegations contained in the above
referenced paragraphs 1 through 23, as though fully set forth herein.

25.     Plaintiffs are informed and believe, and thereon allege, that Defendants, and each
of them, have received actual notice of Plaintiffs' ownership of the BURGERMEISTER marks
through receipt of  Plaintiffs' December 22, 2015 correspondence advising defendants of
Plaintiffs' ownership of said marks.

26.     Plaintiffs are informed and believe, and thereon allege, that Defendants, and each
of them, had constructive notice of Plaintiffs' ownership of the BURGERMEISTER marks, and
that Defendants have owned and operated restaurants and/or a food truck offering quick service,
fast food, and casual food under the name "BurgerMeister" since January 10, 2012.

27.     Plaintiffs are informed and believe, and thereon allege, that Defendants, and each
of them, used and are using the name "BurgerMeister" in commerce in their business name,
advertising and social media, and on their promotional materials in connection with casual food
hamburger restaurant/food truck services.  Defendants also use the name "BurgerMeister" in
communications to their vendors, employees, and governmental entities.  It is applied generally
to casual food hamburger restaurant/food truck services in the same manner as Plaintiffs use their
service marks, and Defendants' use is in direct competition with that of Plaintiffs.  Specimens of
Defendants' use of their infringing mark in commerce is attached hereto as Exhibit "D" and
incorporated by reference as though fully set forth herein.

28.     Plaintiffs are informed and believe, and thereon allege, that Defendants', and each
of their, use in commerce of "BurgerMeister" in their business name, advertising and social
media, and promotional materials for a casual food hamburger restaurant/food truck is a direct

6

imitation of and/or confusingly similar to Plaintiffs' BURGERMEISTER marks.  Defendants,

and each of them, use the name "BurgerMeister" in interstate commerce in connection with the

sale, offering for sale, distribution and advertising of its casual food hamburger restaurant/food

truck products.  As such, Defendants', and each of their, use of the name "BurgerMeister,"

without Plaintiffs' consent or authorization, is likely to cause, and has caused, confusion,

mistake, or deception among consumers as to the source, quality, and nature of Defendants'

restaurant/food truck services.  These actions by Defendants constitute intentional trademark

infringement of Plaintiffs' federally registered BURGERMEISTER marks in violation of 15

U.S.C. § 1114.

29.     Plaintiffs are informed and believe, and thereon allege, that as a direct and

proximate result of the advantage accruing to Defendants' business from Plaintiffs' nationwide

advertising, sales, and consumer recognition, and as a proximate result of the confusion,

deception or mistake of Defendants' wrongful use, advertising, and display of

food/restaurant/food truck business services bearing a mark substantially indistinguishable from

Plaintiffs' as described above, Defendants have derived profits in an amount to be proven at trial.

Plaintiffs are entitled, among other things, to a disgorgement of Defendants' profits.

30.     As a proximate result of the advantage accruing to Defendants', and each of their,

business from Plaintiffs' nationwide advertising, sales, and consumer recognition, and as a

proximate result of the confusion, deception, or mistake of Defendants' wrongful use,

advertising, and display of food/restaurant/food truck business services bearing a mark

substantially indistinguishable from Plaintiffs' as described above, Plaintiffs have and will

continue to suffer monetary loss and irreparable injury to their business, reputation, and

goodwill, each of which has been deprived of the value of their distinctive BURGERMEISTER marks.  Plaintiffs are entitled to, among other things, an award of monetary damages.

31.     Plaintiffs are informed and believe, and thereon allege, that unless restrained by this Court, Defendants, and each of them, will continue to infringe Plaintiffs' BURGERMEISTER marks, and pecuniary compensation will not afford to Plaintiffs adequate relief for the damage to their marks in the public perception.

32.     Defendants' aforementioned unlawful acts have caused, and will continue to cause, irreparable harm to Plaintiffs and their BURGERMEISTER marks, as well as to the business and substantial goodwill represented thereby, and said acts will continue to damage Plaintiffs unless restrained by this Court.

## Second Cause of Action–
## Federal Dilution of Famous Mark and Injury To Business Reputation

33.     Plaintiffs incorporate and reallege each of the allegations contained in the above referenced paragraphs 1 through 32, as though fully set forth herein.

34.     Plaintiffs' BURGERMEISTER marks are distinctive, and since 1999 have continuously been used and are widely recognized by the general consuming public as a designation of the source of Plaintiffs' restaurant services.

35.     Based on Plaintiffs' extensive and continuous use of the BURGERMEISTER marks, they are entitled to be recognized as "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

36.     Defendants began using in commerce a designation that is virtually identical or confusingly similar to Plaintiffs' BURGERMEISTER marks after Plaintiffs' BURGERMEISTER marks became famous.

37.     Association arising from the similarity between Defendants', and each of their, mark and Plaintiffs' famous BURGERMEISTER marks are likely to impair the distinctiveness and harm the reputation of Plaintiffs' BURGERMEISTER marks.

38.     Defendants' unauthorized use of a designation that is virtually identical or confusingly similar to Plaintiffs' BURGERMEISTER marks has and will cause dilution of the distinctive quality of Plaintiffs' BURGERMEISTER marks and the goodwill associated with them, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

39.     The blurring as a result of Defendants' use of Plaintiffs' BURGERMEISTER marks to identify Defendants' goods and services will cause Plaintiffs' BURGERMEISTER marks to lose their ability to serve as a unique product and service identifier for Plaintiffs, with Plaintiffs suffering all damages.

40.     Defendants, and each of them, willfully intended to cause dilution of Plaintiffs' famous BURGERMEISTER marks.

41.     As a direct and proximate result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

42.     Plaintiffs have no full or adequate remedy at law and will be irreparably harmed unless Defendants are immediately prohibited from the activities alleged herein.

### Third Cause of Action–
### Violation of New York General Business Law § 360

43.     Plaintiffs incorporate and reallege each of the allegations contained in the above referenced paragraphs 1 through 42, as though fully set forth herein.

44.     Plaintiffs are, and have been at all times mentioned herein, engaged in the business of operating, restaurants offering quick service, fast food, and casual food featuring

build-your-own burgers, signature burgers, side dishes, sandwiches, salads, desserts, ice-cream shakes, and other beverages under the corporate name "BurgerMeister Management, Inc." and trade name "BurgerMeister."

45.     Plaintiffs have continuously done business under the trade name "BurgerMeister" since April 1999, and the corporate name "BurgerMeister Management, Inc." since January 2005.  Plaintiffs have built up valuable goodwill in their corporate and trade names, and they have come to be associated exclusively with Plaintiffs' business by the public generally, both in Northern California and nationwide, as reflected by the extensive advertising and promotion. These marketing and promotional activities have resulted in Plaintiffs receiving awards from numerous prominent magazines and award shows, such as The Food Channel, National Geographic, SF Weekly, and the Michelin Guide, among others.

46.     Defendants, and each of them, are engaged in the business of operating a fast food hamburger food truck, their principal place of business being Yonkers, New York.  After Plaintiffs' adoption and use of the trade name "BurgerMeister" and corporate name "BurgerMeister Management, Inc.," Defendants began doing business under the trade name, "BurgerMeister."  Defendants also use the corporate name "BurgerMeisters, Inc."  Defendants' trade name and corporate name are substantially similar to that of Plaintiffs, and Defendants' use of this trade name and corporate name creates a likelihood that Plaintiffs' customers, potential customers, and the public generally will be confused or misled as to the source of goods or services in that they are likely to believe that Defendants' business is identical to or affiliated with that of Plaintiffs.

47.     Defendants threaten to, and unless restrained will, continue to use the trade name "BurgerMeister" and the corporate name "BurgerMeisters, Inc.," the result being that the public

will be misled and deceived into believing that Defendants' business is identical to or affiliated

with that of Plaintiffs, all to the irreparable injury of Plaintiffs' business and goodwill and to the

unjust enrichment of Defendants.  Plaintiffs have no adequate remedy at law, as it is extremely

difficult to ascertain the amount of damage to Plaintiffs' business and goodwill.

48.     Defendants' continuing use of the confusingly similar trade name

"BurgerMeister" and corporate name "BurgerMeisters, Inc." constitutes infringement and

violation of Plaintiffs' rights in their trade name and corporate name.

49.     Defendants' conduct as set forth above and incorporated herein constitutes a

violation of NY Gen. Bus. Law § 360.

50.     Unless restrained by this Court, Defendants threaten to and will continue to use

the trade name "BurgerMeister," and corporate name "BurgerMeisters, Inc." in violation of

Plaintiffs' rights.

51.     Defendants' aforementioned actions and activities have caused and will continue

to cause damage and irreparable harm and injury to Plaintiffs, unless and until such time as

Defendants are enjoined by this Court.

### Fourth Cause of Action–
### Violation of the Anti-Cybersquatting Consumer Protection Act

52.     Plaintiffs incorporate and reallege each of the allegations contained in the above

referenced paragraphs 1 through 51, as though fully set forth herein.

53.     Defendants operate or have operated a commercial-related website in connection

with their hamburger food truck business on the Internet www.burgermeisterny.com.  A printout

from the Network Solutions WHOIS database reflecting defendants Hardpan LLC and Barry

Cordell as the registrant organization and name, respectively, of Defendants'

"burgermeisterny.com" domain name is attached hereto as Exhibit "E" and incorporated by reference as though fully set forth herein.

54.     Upon information and belief, Defendants have used "burgermeisterny.com" as both (a) a trademark affixed to their food truck, which travels throughout the New York Metropolitan area, and, thus, can be promoted through interstate commerce, and (b) as a trade name in conjunction with its commerce-related website.

55.     Upon information and belief, Defendants have a bad faith intent to profit from the registration and use of the Internet domain name "burgermeisterny.com" by creating an association with Plaintiffs' BURGERMEISTER marks as to source or sponsorship, as it is starkly similar to Plaintiffs' BURGERMEISTER marks and website "burgermeistersf.com." Defendants have the intent to divert consumers from Plaintiffs' online location to Defendants' website accessible through the infringing domain name and with the bad faith intent to harm Plaintiffs' goodwill and profit from Plaintiffs' BURGERMEISTER marks via likelihood of confusion.

56.     Plaintiff does not have an adequate remedy at law, and Defendants' aforementioned acts are in violation of the Anti-Cybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

57.     Defendants' aforementioned unlawful acts are intended to, and are likely to, blur and erode the distinctiveness of Plaintiffs' BURGERMEISTER marks and tarnish Plaintiffs' reputation, as well as that of their BURGERMEISTER marks and their products and services.

58.     Defendants' aforementioned unlawful acts have caused, and will continue to cause, irreparable harm to Plaintiffs and their BURGERMEISTER marks, and to the business and substantial goodwill represented thereby, and those acts will continue to damage Plaintiffs

unless restrained by this Court.  Therefore, Plaintiffs are entitled to injunctive relief and recovery

of either statutory damages under 15 U.S.C. § 1117(d) or Defendants' trebled profits, together

with Plaintiffs' costs and reasonable attorneys' fees under 15 U.S.C. § 1117(a).

### Fifth Cause of Action–
### Federal Unfair Competition and False Designation of Origin

59.     Plaintiffs incorporate and reallege each of the allegations contained in the above

referenced paragraphs 1 through 58, as though fully set forth herein.

60.     Defendants' use in commerce of a designation that is virtually the same or

confusingly similar to Plaintiffs' BURGERMEISTER marks in connection with a competing

service constitutes false designation of origin, as it falsely indicates to consumers that

Defendants' services are affiliated with Plaintiffs, when in fact there is no such affiliation or

relationship.

61.     Defendants' actions have created a likelihood of confusion among consumers,

who will falsely believe that Defendants' services are affiliated with Plaintiffs when in fact they

are not, in violation of 15 U.S.C. § 1125(a).

62.     Upon information and belief, Defendants acted knowingly, deliberately, and

willfully with the intent to trade on Plaintiffs' reputation.

63.     As a direct and proximate result of Defendants' actions, Plaintiffs have suffered,

and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and

goodwill.

### Sixth Cause of Action–
### Common Law Trademark Infringement

64.     Plaintiffs incorporate and reallege each of the allegations contained in the above

referenced paragraphs 1 through 63, as though fully set forth herein.

65.     Defendants' use in commerce of a designation that is virtually the same or confusingly similar to Plaintiffs' BURGERMEISTER marks in connection with a competing service constitutes a reproduction, copying, and colorable imitation of Plaintiffs' BURGERMEISTER marks.

66.     Defendants' actions have created a likelihood of confusion or mistake among consumers, or is likely to deceive consumers, as to an affiliation, connection, or association with Plaintiffs.

67.     Upon information and belief, Defendants acted knowingly, deliberately, and willfully with the intent to create a likelihood of confusion among consumers.

68.     Defendants' actions constitute trademark infringement under New York common law.

69.     As a direct and proximate result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

### Seventh Cause of Action–
### Common Law Unfair Competition

70.     Plaintiffs incorporate and reallege each of the allegations contained in the above referenced paragraphs 1 through 69, as though fully set forth herein.

71.     Defendants' use in commerce of a designation that is virtually the same or confusingly similar to Plaintiffs' BURGERMEISTER marks in connection with a competing service constitutes common law unfair competition.

72.     Defendants' actions have caused and will continue to cause impairment of the recognition of Plaintiffs' BURGERMEISTER marks, and diminution of the value thereof, and

the consuming public has been deceived or confused concerning the source of Defendants' restaurant services.

73.     Upon information and belief, Defendants acted knowingly, deliberately, and willfully with the intent to create a likelihood of confusion among consumers.

74.     Defendants' actions constitute unfair competition under New York common law.

75.     As a direct and proximate result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, for the following:

1.     Judgment against Defendants for each of the seven causes of action set forth herein.

2.     A preliminary injunction and a permanent injunction enjoining defendants, and their agents, servants and employees, and all persons acting under, in concert with, or for them from:

> a.   Using the name "BurgerMeister" in connection with their providing of restaurant/food truck products and services, and from using the name BURGERMEISTER on or in connection with any hamburger, restaurant and food truck products and services;
>
> b.   Using the corporate name BurgerMeister and/or BurgerMeisters, Inc.;
>
> c.   Using the infringing domain name or any domain name that is confusingly similar to any of Plaintiffs' BURGERMEISTER marks;

15

d.  Otherwise making unauthorized use, infringing, or diluting Plaintiffs'
BURGERMEISTER marks, including through use of any variation of
BURGERMEISTER that is confusingly similar to the BURGERMEISTER
marks;

e.  Any other conduct that would cause or is likely to cause confusion, deception,
or mistake as to the source, affiliation, connection, association, origin,
sponsorship, approval nature or quality of Defendants' products, services, or
website with Plaintiffs' products, services, or website;

f.  Competing unfairly with Plaintiffs in any manner; and

g.  Engaging in any other activity, including the effectuation of assignments or
transfers of their interests in copies or colorable imitations of the
BURGERMEISTER marks, or formation of other entities, for the purpose of
circumventing, evading, or avoiding or otherwise violating the prohibitions set
forth herein.

3.  For an order directing Defendants, and each of them, to file with this Court and
serve on Plaintiffs within thirty (30) days after judicial imposition of an injunction, a report in
writing under oath, setting forth in detail the manner and form in which Defendants have
complied with the injunction;

4.  For an order requiring Defendants, and each of them, to deliver up and destroy all
materials bearing the infringing designations;

5.  For an award of damages caused by Defendants' unlawful acts;

6.  For treble the amount of Plaintiffs' actual damages caused by Defendants'
infringement of Plaintiffs' BURGERMEISTER marks;

7.    For all profits realized by Defendants, to be accounted for by Defendants, from their infringement of Plaintiffs' BURGERMEISTER marks;

8.    For statutory damages under 15 U.S.C. § 1117(d) for Defendants' infringing domain name;

9.    For Plaintiffs' reasonable attorney fees expended in this action;

10.    For costs of suit incurred herein; and

11.    For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury of all issues so triable.

Respectfully submitted,

Dated: January 22, 2016
      New York, NY

FROMMER LAWRENCE & HAUG LLP

Richard E. Parke (RP0699)
E-Mail:  rparke@flhlaw.com
Laura A. Chubb (LC2007)
E-Mail:  lchubb@flhlaw.com

745 Fifth Avenue
New York, NY 10151
Telephone:  (212) 588-0800
Facsimile:  (212) 588-0500

*Attorneys for Plaintiffs*
BURGERMEISTER MANAGEMENT,
INC.; BM FRANCHISE, INC.;
and PAUL I. MOGANNAM

*Of Counsel*
Jimmie L. Williams
Email:  jimmie@jwatlaw.com

LAW OFFICES OF JIMMIE L. WILLIAMS
141 Alamo Ranch Road
Alamo, CA 94507-2031
Telephone: (213) 361-9327
Facsimile: (925) 552-6028